JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-00702-JVS (SACR 08-00320-JVS) | Date | December 3, 2010 |
| Title | Gabriel Garcia Garcia v. United States of America | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)    Order Dismissing Petition**

Gabriel Garcia-Garcia ("Garcia-Garcia") petitions the Court pursuant to 28 U.S.C. § 2255 for collateral relief from his 2008 conviction for violation of 8 U.S.C. § 1326(a), an alien illegally found in the United States. Section 2255 provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. He seeks relief because as an illegal alien he is not entitled to a number of benefits, including access to the Bureau of Prison's community-based 500-hour drug program, which can result in a one-year reduction in sentence.

The petition must be denied for three reasons.

First, the petition is time-barred because it was not brought within a year of his conviction becoming final. 28 U.S.C. 2255(f). In the absence of an appeal, his conviction became final on May 11, 2009, the day the time for filing a notice of appeal lapsed. United States v. Schwartz, 274 F.2d 1220, 1223 (9th Cir. 2001). However, he

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 10-00702-JVS   (SACR 08-00320-JVS)     Date  December 3, 2010

Title     Gabriel Garcia Garcia v. United States of America

did not file the present petition until May 23, 2010,[1] more than a year later. None of the exceptions to the one-year bar are advanced by Garcia, and the Court sees no basis for applying any of the exceptions.

Second, as part of the Plea Agreement, Garcia-Garcia gave up his right to any collateral attack on the judgment of conviction, with certain exceptions. (Plea Agreement, ¶ 19.) Moreover, the Court specifically inquired about the waiver during the Rule 11 plea colloquy. Such waivers are binding and enforceable. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). His waiver was knowing and voluntary (id.), and his present grounds for relief do not fall within the exceptions in the Plea Agreement.

Third, even reaching he merits, there is no basis for relief. Because those subject to deportation present a flight risk, there is no due process or equal protection violation under the Fifth or Fourteenth Amendment in denying the possibility of residing in a half-way house, which is the setting for the 500-hour drug program. McLean v. Crabtree, 173 F.3d 1176, 1185-86 & n.11(9th Cir. 1999); Jacks v. Crabtree, 114 F.3d 983, 986 & n.4 (9th Cir. 1987).

The Court finds that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," and thus the Court declines to conduct a hearing on the petition. 28 U.S.C. § 2255(b).

For the foregoing reasons, the petition is dismissed with prejudice.

:     00

Initials of Preparer     kjt

---

[1] The Court affords Garcia-Garcia the benefit of the "mailbox" rule, and uses the date he signed the petition as the date of filing.